# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ANTONE NEAL,<br><br>    Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY,<br><br>    Defendant.<br>_____/ | CASE NO.  1:10-cv-02274-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br>(Doc. 15) |

**I.    Procedural History**

Keith Antone Neal ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983. On December 8, 2010, Plaintiff filed his original complaint. Doc. 1. On December 20, 2010, Plaintiff filed the first amended complaint. Doc. 7. On March 8, 2011, Plaintiff submitted a second amended complaint which is currently before the Court. Doc. 15.

**II.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

**III.     Plaintiff's Complaint**

Plaintiff is currently a state prisoner at Avenal State Prison (ASP) in Avenal, California. In the complaint, Plaintiff names "Fresno County Officials" the defendants in this action. Doc. 15 at 1. Plaintiff seeks monetary damages. Doc. 15 at 5.

Plaintiff alleges that he was arrested on stipulation of violating penal code section 290. Doc. 15 at 1. On March 6, 2010, at around 11:30 p.m. Plaintiff was a passenger in a car that was pulled over for a traffic stop. Doc. 15 at 2. A Caucasian woman police officer tapped on his passenger window and asked Plaintiff if he was on probation or parole and Plaintiff told her that he was not. Doc. 15 at 2. The officer accused Plaintiff of lying and Plaintiff responded "[why] because I am African-American!" Doc. 15 at 2-3. Then the officer opened the passenger door and took Plaintiff out, twisted Plaintiff's right arm and patted him down. Doc. 15 at 3. After checking Plaintiff's driver's licence he was informed that he had a warrant for his arrest, which Plaintiff did not know until that moment. Doc. 15 at 3.

Plaintiff was taken to the Fresno County Jail by arresting officer M. Forian and was booked

by Officer T. Simms.  Doc. 15 at 3.  According to Plaintiff, an arrest report was not made and his Miranda rights were violated.  Doc. 15 at 3.  Plaintiff argues that he was searched and seized without probably cause before the officers even discovered there was a warrant for Plaintiff's arrest.  Doc. 15 at 4.  Plaintiff further argues that he was unlawfully arrested.  Doc. 15 at 4.

Plaintiff states that he had to stand trial on August 10, 2010, for violation of penal code section 290.  Further, Plaintiff states that he did not receive a fair trail and he states that he is not a "290 registrant" and the judge did not consider the proper evidence due to a witness being on vacation.  Doc. 15 at 5.  According to Plaintiff, his former parole officer, Anthony King did a search and found no requirement for Plaintiff to file under code 290.  Doc. 15 at 5-6.  Plaintiff also states that there are two social security numbers with his name and suggests that his was misidentified as a sex offender required to register pursuant to penal code 290.  Doc. 15 at 7.  Plaintiff argues that he was misidentified and such misidentification violates his due process.  Doc. 15 at 7.  Plaintiff also states that he was not allowed to confront witnesses which violated his Sixth Amendment right.  Doc. 15 at 8.

**IV.   Analysis**

   **A.   Habeas**

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-2 (2005).  Where, as here, "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."  *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citing to *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying *Heck* to a prison disciplinary hearing where good-time credits were affected).  Because Plaintiff's claims necessarily challenges his conviction, Plaintiff is barred from pursuing such claims until such time as plaintiff invalidates

the underlying conviction through a habeas action.

### B.     Excessive Force

Although Plaintiff argues that the erroneous arrest and conviction amounts to "cruel and unusual punishment," Plaintiff's complaint is a civil §1983 claim and not a prisoner §1983 claim. The initial inquiry in an excessive force claim, is "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Whether a particular use of force was "objectively reasonable" depends on several facts, including the severity of the crime that prompted the use of force, the threat posed by a suspect to the police or to others, and whether the suspect was resisting arrest. *Id.* at 396–97. "[T]he appropriate inquiry is whether the officers acted reasonably, not whether they had less intrusive alternatives available to them." *Scott v. Henrich*, 39 F.3d 913, 915 (9th Cir. 1994). "An officer cannot be expected to accurately anticipate all of the possible responses a subject may have to his commands and then tailor his actions accordingly in order for his conduct to fall into the category of what is considered reasonable." *Reynolds v. County of San Diego*, 84 F.3d 1162, 1169 (9th Cir. 1996), *overruled on other grounds*, *Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th Cir. 1997).

In this instance, the officer's administration of a control hold was reasonable given her suspicion that Plaintiff was violating terms of parole. *See Acosta v. City of Costa Mesa*, --- F.3d ----, 2012 WL 3834658 at *15 (9th Cir. 2012) (finding upper body control hold was reasonable where police officers arrested individual for violation of local ordinance after individual did not leave podium when first asked to step down and the situation appeared volatile). Thus Plaintiff fails to state an excessive force claim.

### V.     Conclusions and Recommendation

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Accordingly, after screening Plaintiff's second amended complaint filed on March 8, 2011, the Court HEREBY RECOMMENDS that:

   1.     This action be DISMISSED, without prejudice, for failure to state a claim upon

4

which relief may be granted under section 1983; and

2.     The Clerk fo Court provide Plaintiff a copy of a civil 1983 complaint form and a habeas complaint form.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 13, 2012

UNITED STATES MAGISTRATE JUDGE